# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC., STOCKHOLDER DERIVATIVE LITIGATION | Master Case No.: 8:21-cv-01595-PWG |
| | JOINT STIPULATION AND [PROPOSED] ORDER OF STAY OF PROCEEDINGS AND DISCOVERY |
| This Documents Relates To: | (Consolidated with No. 8:21-cv-02079-PWG) |
| ALL ACTIONS | |

The Plaintiffs and Defendants, by and through their respective undersigned counsel, on this 8th day of April, 2022, recite as follows:

**WHEREAS**, Plaintiff Lincolnshire Police Pension Fund and Plaintiff Pooja Sayal (collectively, "Plaintiffs") each filed verified shareholder derivative complaints commencing actions against Defendants[1] (who together with Plaintiffs are referred to herein as the "Parties");

**WHEREAS**, on November 16, 2021, the Court entered an order consolidating the Actions into Case No. 8:21-cv-01595-PWG (the "Consolidated Action").

**WHEREAS**, a putative class action alleging violations of the federal securities laws against Emergent and individual defendants Kramer, Lindahl, and Husain, based on similar facts and allegations as the Consolidated Action, is pending in the United States District Court for the District of Maryland, captioned *In Re Emergent BioSolutions Inc. Securities Litigation*, Case No. 8:21-cv-00955-PWG (the "Federal Securities Action");

---

[1] "Defendants" refers collectively to nominal defendant Emergent BioSolutions, Inc. "Emergent" or the "Company") and individual defendants Robert G. Kramer, Sr., Richard S. Lindahl, Fuad El-Hibri, Dr. Zsolt Harsanyi, Dr. Jerome M. Hauer, George A. Joulwan, Ronald B. Richard, Louis W. Sullivan, Marvin White, Dr. Kathryn C. Zoon, Dr. Sue Bailey, and Syed T. Husain.

**WHEREAS**, a stockholder derivative action, captioned *In Re Emergent BioSolutions Inc. Derivative Litigation*, Case No. 2021-0974-MTZ (the "Delaware Derivative Action"), was filed in the Court of Chancery of the State of Delaware; and

**WHEREAS**, the Parties agree that the interests of efficiency, effective case management, and for circumstances unique to the Consolidated Action, that the conservation of judicial and litigant resources would be served by temporarily staying the Consolidated Action, on the terms set forth herein;

**IT IS HEREBY STIPULATED AND AGREED** by the Parties hereto, subject to approval of the Court, as follows:

1.      This Consolidated Action, including all deadlines, hearings, and Defendants' responses to the Complaint, shall be stayed pending the close of fact discovery in the Federal Securities Action.

2.      Within 30 days of the close of fact discovery in the Federal Securities Action, the Parties shall meet and confer concerning a schedule for further proceedings in the Consolidated Action and will submit a proposed schedule for the Court's consideration.

3.      During the pendency of the stay, Emergent will promptly produce to Plaintiffs copies of any documents provided to any stockholder plaintiff in any related plenary derivative action or in response to any related stockholder demand or informal request to inspect corporate books and records, subject to the parties' counsels' execution of a mutually acceptable non-disclosure agreement or confidentiality protective order governing the use and disclosure of these materials and documents in this Action.

4.      During the pendency of the stay, Emergent will make available to Plaintiffs, subject to entry of an appropriate protective order: (a) copies of all documents that defendants produce in

the Federal Securities Action in the form and manner in which such documents are produced in the Federal Securities Action; (b) copies of all of defendants' written discovery responses served in the Federal Securities Action; and (c) all deposition transcripts in the Federal Securities Action except to the extent confidentiality restrictions on such transcripts prevent Defendants from producing them. Emergent will provide the materials set forth in this paragraph to Plaintiffs within ten (10) business days of producing or serving them in the case of (a) and (b), and within fifteen (15) business days of receiving the final transcript in the case of (c).

5.       If Defendants engage in mediation in the Federal Securities Action, the Delaware Derivative Action or in any related derivative action, Defendants agree to provide Plaintiffs with reasonable advance notice of such mediation and to mediate with Plaintiffs at or about the same time. If Defendants provide documents to the plaintiffs in the Federal Securities Action, the Delaware Derivative Action or related derivative action, in connection with a mediation, Defendants agree to provide, within ten (10) days of production, but no later than three (3) days before such mediation, the same documents to Plaintiffs in this Consolidated Action on the same terms they are provided to plaintiff in the Federal Securities Action, the Delaware Derivative Action or related derivative action, as appropriate. Provided, however, that the obligations in this paragraph shall be contingent on Plaintiffs' agreement to and compliance with any conditions of such mediation, including confidentiality.

6.       Notwithstanding the stay of this Consolidated Action, Plaintiffs may file a consolidated or amended complaint, though no Defendant shall be under no obligation to respond to it during the pendency of the stay. In the event Plaintiffs file a consolidated or amended complaint, the Parties shall meet and confer to set a schedule, in the event the stay of the Consolidated Action is lifted, to govern any Defendant's response to any such amended complaint.

7.      With regard to the Complaint in this Consolidated Action, and with regard to any amendment or supplement to the Complaint (including any amended complaint) that relates to acts or transactions alleged in the original Complaint, or that asserts new legal theories of recovery based upon the acts or transactions that formed the substance of the original Complaint, nothing in this stipulation shall in any way impact any arguments concerning Plaintiffs' standing or lack thereof to maintain the derivative actions on the ground that Plaintiffs have failed to plead facts sufficient to raise a reasonable doubt that a pre-litigation demand on the Emergent Board of Directors ("Board") would have been futile.

8.      Any party may lift this stay at any time by providing ten (10) business days' written notice to all counsel of record via e-mail that they no longer consent to the voluntary stay of this Action.

9.      Nothing herein shall be construed as a waiver of any party's rights or positions in law or in equity, or as a waiver of any defenses that any party would otherwise have, and the Parties reserve all such rights.

10.     In the event that a shareholder derivative action that is brought on behalf of Emergent, and arises out of the same, or substantially the same, transactions or events as this Consolidated Action, is subsequently filed in, removed to, reassigned to, or transferred to this Court, the Parties agree to seek to consolidate that action with this Consolidated Action and to stay that action consistent with the terms of this Order.

11.     This Stipulation may be filed, without further notice, with the Clerk of the Court and may be executed in counterparts and that a facsimile copy of this Stipulation be deemed an original.

**[Signature Page Follows]**

4

Dated: April 8, 2022

**ROBBINS LLP**

*/s/ Shane P. Sanders*
Brian J. Robbins
brobbins@robbinsllp.com
Craig W. Smith (*pro hac vice*)
csmith@robbinsllp.com
Shane P. Sanders (*pro hac vice*)
ssanders@robbinsllp.com
Emily R. Bishop (*pro hac vice*)
ebishop@robbinsllp.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Lead Counsel for Plaintiffs*

**TYDINGS & ROSENBERG LLP**
John B. Isbister (#000639)
jisbister@tydingslaw.com
Daniel S. Katz (#01148)
dkatz@tydingslaw.com
One East Pratt Street, Suite 901Baltimore,
Maryland 21202
Telephone: (410) 752-9700
Facsimile: (410) 727-5460

*Liaison Counsel for Plaintiffs*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

_/s/ Howard M. Shapiro _____

Howard M. Shapiro
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6606
howard.shapiro@wilmerhale.com

Michael G. Bongiorno (*pro hac vice* forthcoming)
7 World Trade Center
250 Greenwich Street

New York, NY 10007
Telephone: 212-937-7220
michael.bongiorno@wilmerhale.com

Timothy J. Perla (*pro hac vice* forthcoming)
Arjun K. Jaikumar (*pro hac vice* forthcoming)
Kim A. Crowley (*pro hac vice* forthcoming)
60 State Street
Boston, MA 02109
(617) 526-6000 (phone)
(617) 526-5000 (fax)
timothy.perla@wilmerhale.com
arjun.jaikumar@wilmerhale.com
kim.crowley@wilmerhale.com
*Counsel for Defendants*

Dated: <u>April 13, 2022</u>.

**IT IS SO ORDERED:**

_____/S/_____
The Honorable Paul W. Grimm,
United States District Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 8, 2022, I filed a copy of this Joint Stipulation and [Proposed] Order of Stay of Proceedings and Discovery with the Court via CM/ECF, which served all noted counsel of record on the attached service list.


/s/ Shane P. Sanders
Shane P. Sanders

1565641

8

# Mailing Information for a Case 8:21-cv-01595-PWG In Re Emergent Biosolutions Inc. Stockholder Derivative Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Emily R Bishop**
  ebishop@robbinsllp.com

- **John Bucher Isbister**
  jisbister@tydingslaw.com,dwilliams@tydingslaw.com,kkyne@tydingslaw.com

- **Brian J Robbins**
  brobbins@robbinsllp.com,notice@robbinsllp.com

- **Shane P Sanders**
  ssanders@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,notice@robbinsllp.com

- **Howard M Shapiro**
  Howard.Shapiro@wilmerhale.com,whdocketing@wilmerhale.com

- **Craig W Smith**
  csmith@robbinsllp.com,notice@robbinsllp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)