UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC., STOCKHOLDER DERIVATIVE LITIGATION | Master Case No.: 8:21-cv-01595-DLB <br><br> (Consolidated with No. 8:21-cv-02079-DLB) |
| This Documents Relates To: <br><br> ALL ACTIONS | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND SETTING SETTLEMENT HEARING** <br><br> **EXHIBIT B** |

WHEREAS, the above-captioned stockholder derivative litigation on behalf of nominal defendant Emergent BioSolutions Inc. ("Emergent" or the "Company") is pending in this Court (the "Federal Demand Futility Action");

WHEREAS, related stockholder derivative litigation is pending in: (i) the Delaware Court of Chancery under the caption, *In re Emergent BioSolutions Inc. Derivative Litigation*, Case No. 2021-0974-MTZ (the "Delaware Demand Futility Action"); (ii) the Circuit Court of Maryland for Montgomery County under the caption, *Elton v. Kramer, et al*, Case No. C-15-CV-21-000496 (the "Maryland Demand Futility Action"); (iii) the U.S. District Court for the District of Maryland under the caption, *In Re Emergent BioSolutions Inc. Demand Refused Stockholder Derivative Litigation*, Master File No. 8:23-cv-02969-DLB (the "Federal Demand Refused Action"); and (iv) the Delaware Court of Chancery under the caption, *Andrews v. Kramer*, C.A. No. 2024-0925-MTZ (the "Delaware Demand Refused Action") (collectively, and together with the Federal Demand Futility Action, the "Derivative Actions");

WHEREAS, (1) the stockholder plaintiffs in the Derivative Actions, including Lincolnshire Police Pension Fund and Pooja Sayal (collectively the "Federal Demand Futility Plaintiffs"); North Collier Fire Control and Rescue District Firefighter Pension Plan, Chang Kyum

Kim, and Mark Nevins (the "Delaware Demand Futility Plaintiffs"); Zachary Elton, Jeffery Reynolds, and Eric White (the "Maryland Demand Futility Plaintiffs"); Christopher Andrews (the "Delaware Demand Refused Plaintiff"); Richard J. Levine ("Levine") and Christopher Seaver ("Seaver") (the "Federal Demand Refused Plaintiffs") (collectively, the "Plaintiffs"); and (2) Emergent and all current and former Emergent officers, directors, and employees named in any of the Derivative Actions, including Robert G. Kramer Sr., Fuad El-Hibri, Richard S. Lindahl, Ronald B. Richard, Zsolt Harsanyi, Louis W. Sullivan, George A. Joulwan, Jerome M. Hauer, Kathryn C. Zoon, Marvin White, Syed T. Husain, Seamus Mulligan, Adam Havey, Sean Kirk, Atul Saran, and Sue Bailey (collectively, the "Defendants," and together with the Plaintiffs, the "Settling Parties") have entered into the Stipulation and Agreement of Settlement (the "Stipulation") dated February 24, 2025, which sets forth the terms and conditions of a proposed settlement (the "Settlement") that provides for the complete dismissal with prejudice of the Derivative Actions, withdrawal of the Demands, a bar on further derivative litigation, and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court;

WHEREAS, in accordance with the terms of the Stipulation, Lead Counsel for Federal Demand Futility Plaintiffs filed an unopposed motion for an order preliminarily approving the Settlement and entry of this Preliminary Approval Order, approving the form, content, and method of providing notice of the Settlement to Current Emergent Stockholders and scheduling the date and time for the Settlement Hearing, as defined herein;

WHEREAS, in accordance with the terms of the Stipulation, the Settling Parties request that the Court hold the Settlement Hearing at least sixty (60) days after the deadline for the provision of Notice;

WHEREAS, the Court has read and considered the Stipulation and its exhibits, including: (i) the proposed Notice of Pendency and Proposed Settlement of Derivative Actions (the "Long-Form Notice"); (ii) the proposed Summary Notice of Pendency and Proposed Settlement of Derivative Actions (the "Summary Notice"); and (iii) the proposed Order and Final Judgment finally approving the Settlement (the "Judgment").

Finding that substantial and sufficient grounds exist for entering this Order, the Court hereby ORDERS as follows:

1.  This Order incorporates by reference the definitions in the Stipulation and, unless otherwise defined in this Order, all capitalized terms used in this Order shall have the same meaning as set forth in the Stipulation.

2.  The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at a hearing to be held before the Court on _____, 202__, at _____ a.m./p.m., either in person at the United States District Court for the District of Maryland, 6500 Cherrywood Lane, Suite 445, Greenbelt, MD 20770 (the "Settlement Hearing"), or by telephone or video conference, to consider whether the Judgment, substantially in the form of Exhibit E to the Stipulation, should be entered: (i) approving the terms of the Settlement as fair, reasonable, and adequate and in the best interests of Emergent and Emergent's stockholders; (ii) dismissing with prejudice the Derivative Actions against Defendants pursuant to the terms of the Stipulation; and (iii) ruling upon Plaintiffs' application for the Fee and Expense and Service Awards.

3.  The Court may decide to continue or to adjourn the Settlement Hearing without any further notice to Current Emergent Stockholders other than an announcement at the Settlement Hearing or at any adjournment of the Settlement Hearing. The Court may decide to approve the

proposed Settlement with such modifications as the Settling Parties may agree to without further notice to Current Emergent Stockholders.  The Court may decide to enter its Judgment approving the Settlement and dismissing the Released Plaintiffs' Claims against the Defendants and Released Defendants' Persons with prejudice, without regard for any ruling the Court may make with respect to the Fee and Expense Award.  The Court may extend any of the deadlines set forth in this Order without further notice to Current Emergent Stockholders.  The Court may hold the Settlement Hearing by telephone or video conference without further notice to Current Emergent Stockholders.

4. The Court approves the form, content, and requirements of the Long-Form Notice attached to the Stipulation as Exhibit C and the Summary Notice attached to the Stipulation as Exhibit D, and finds that the dissemination of the Long-Form Notice and Summary Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, and constitutes due and sufficient notice of all matters relating to the Settlement.

5. Within twenty (20) business days of the Court's entry of this Order (such deadline, the "Notice Date"), Emergent shall cause: (i) the Stipulation and Notice to be filed with the U.S. Securities and Exchange Commission (the "SEC") on Form 8-K or other appropriate filing; and (ii) Emergent shall publish the Summary Notice one time in the national edition of *Investors' Business Daily*.  Emergent shall also create for this purpose a link to the Stipulation and Long-Form Notice on the "Investors" page of Emergent's website, the address of which shall be contained in the Long-Form Notice and Summary Notice, to be maintained until the date the Court enters the Final Judgment and Order in connection with the Settlement.  If additional notice is

required by the Court, then the cost and administration of such additional notice will be borne by Emergent.

6. At least seven (7) calendar days prior to the Settlement Hearing, Emergent shall file with the Court an appropriate affidavit or declaration with respect to filing of the Form 8-K, publication of the Summary Notice, and posting of the Notice and Stipulation.

7. Any Person who owned Emergent stock as of February 24, 2025, and who continues to hold such Emergent common stock as of the date of the Settlement Hearing may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved; why the Judgment should not be entered thereon; or why Plaintiffs' Counsel's application for the Fee and Expense Amount and Service Awards should not be granted; provided, however, that no such Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered approving the same, or the application for the Fee and Expense Amount and Service Awards, unless such Person has filed with the Clerk of the United States District Court for the District of Maryland, 6500 Cherrywood Lane, Suite 445, Greenbelt, MD 20770, and served (by hand, first-class mail, or express service) on Lead Counsel for the Federal Demand Futility Plaintiffs and counsel for Defendants, a written and signed notice of objection that includes: (i) the objector's name, address, and telephone number (and if represented, that of his, her, or its counsel), along with a representation as to whether the objector intends to appear at the Settlement Hearing; (ii) proof that the objector owned shares of Emergent common stock as of February 24, 2025, and continues to hold such Emergent stock; (iii) a statement of the objections to any matters before the Court, the grounds for the objections or the reasons for the objector's desiring to appear and be heard, as well as all documents or writings the objector desires the Court to consider, including any legal and evidentiary support;

and (iv) if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identities of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Hearing.  Any such objection must be filed with the Court and received by the below-noted counsel by no later than twenty-one (21) days prior to the Settlement Hearing:

Brian J. Robbins
Craig W. Smith
Shane P. Sanders
ROBBINS LLP
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
brobbins@robbinsllp.com
csmith@robbinsllp.com
ssanders@robbinsllp.com

*Lead Counsel for Federal Demand Futility Plaintiffs*

| | |
|---|---|
| Michael G. Bongiorno | Timothy J. Perla |
| WILMER CUTLER PICKERING HALE | Dan Willey |
| AND DORR LLP | WILMER CUTLER PICKERING HALE |
| 7 World Trade Center | AND DORR LLP |
| 250 Greenwich Street | 60 State Street |
| New York, NY 10007 | Boston, MA 02109 |
| Telephone: 212-937-7220 | Telephone: (617) 526-6000 |
| michael.bongiorno@wilmerhale.com | timothy.perla@wilmerhale.com |
| | dan.willey@wilmerhale.com |

*Counsel for Nominal Defendant Emergent BioSolutions Inc.*

8. Documentation establishing ownership of Emergent common stock must consist of copies of monthly brokerage account statements or an authorized statement from the objector's broker containing the information found in an account statement.

9. Any Person who fails to object in the manner described above shall be deemed to have waived the right to object to any aspect of the proposed Settlement, to the Fee and Expense

Amount, and to the Service Awards (including any right of appeal or collateral attack on any judgment entered with respect thereto); be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement and/or determining the Fee and Expense Award and Service Awards; and be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding with respect to any matters concerning these matters.

10. Federal Demand Futility Plaintiffs shall file and serve papers in support of final approval of the proposed Settlement and in support of their application for the Fee and Expense and Service Awards not later than thirty-five (35) calendar days before the Settlement Hearing; any objections thereto shall be filed and served not later than twenty-one (21) days prior to the Settlement Hearing. If reply papers are necessary, they shall be filed and served not later than seven (7) days prior to the Settlement Hearing. Settling Parties shall be permitted to file reply papers regardless of whether they filed opening papers in support of the proposed Settlement. Only a single application for the Fee and Expense Amount shall be filed by Lead Counsel for the Federal Demand Futility Plaintiffs on behalf of all Plaintiffs and Plaintiffs' Counsel.

11. The Court stays all proceedings in the Federal Demand Futility Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

12. Pending final determination of whether the Settlement is approved, the Court bars and enjoins all Plaintiffs and each and every other Emergent stockholder, in their capacities as such, derivatively on behalf of Emergent, and on behalf of themselves and their respective agents, spouses, heirs, executors, administrators, personal representatives, predecessors, successors, transferors, transferees, representatives, and assigns, in their capacities as such, from asserting, commencing, instigating, pursuing, prosecuting, or in any way participating in the commencement

or prosecution of any action against the Defendants and Released Defendants' Persons asserting any and all Released Plaintiffs' Claims, and any other derivative litigation or demands, including books-and-records demands, based on or arising out of any of the facts, allegations, practices, events, claims, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Derivative Actions or the Demands, except for proceedings related to the settlement itself.

        13.    The Stipulation (including any exhibits attached thereto), the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall not be deemed to be or offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability as to any facts, claims, or defenses that have been or might have been alleged or asserted in the Derivative Actions or with respect to any of the claims settled in the Derivative Actions, or any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any persons in the Derivative Actions, or in any other action or proceeding, except for any litigation or judicial proceeding arising out of or relating to this Stipulation or the Settlement whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and

credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court retains jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation, and the Settling Parties and their undersigned counsel submit to the jurisdiction of the Court for purposes of implementing, interpreting, and enforcing the Settlement embodied in the Stipulation.

IT IS SO ORDERED this _____ day of _____, 2025.

_____
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE