# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC., STOCKHOLDER DERIVATIVE LITIGATION | Master Case No.: 8:21-cv-01595-DLB <br><br> (Consolidated with No. 8:21-cv-02079-DLB) |
| This Documents Relates To: <br><br> ALL ACTIONS | **ORDER AND FINAL JUDGMENT** |

WHEREAS, the above-captioned stockholder derivative litigation on behalf of nominal defendant Emergent BioSolutions Inc. ("Emergent" or the "Company") is pending in this Court (the "Federal Demand Futility Action");

WHEREAS, related stockholder derivative litigation is pending in: (i) the Delaware Court of Chancery under the caption, *In re Emergent BioSolutions Inc. Derivative Litigation*, Case No. 2021-0974-MTZ (the "Delaware Demand Futility Action"); (ii) the Circuit Court of Maryland for Montgomery County under the caption, *Elton v. Kramer, et al*, Case No. C-15-CV-21-000496 (the "Maryland Demand Futility Action"); (iii) the U.S. District Court for the District of Maryland under the caption, *In Re Emergent BioSolutions Inc. Demand Refused Stockholder Derivative Litigation*, Master File No. 8:23-cv-02969-DLB (the "Federal Demand Refused Action"); and (iv) the Delaware Court of Chancery under the caption, *Andrews v. Kramer*, C.A. No. 2024-0925-MTZ (the "Delaware Demand Refused Action") (collectively, and together with the Federal Demand Futility Action, the "Derivative Actions");

WHEREAS, (1) the stockholder plaintiffs in the Derivative Actions, including Lincolnshire Police Pension Fund and Pooja Sayal (collectively the "Federal Demand Futility Plaintiffs"), North Collier Fire Control and Rescue District Firefighter Pension Plan, Chang Kyum Kim, and Mark Nevins (the "Delaware Demand Futility Plaintiffs"), Zachary Elton, Jeffery Reynolds, and Eric White (the "Maryland Demand Futility Plaintiffs"), Christopher Andrews

("Delaware Demand Refused Plaintiff"), Richard J. Levine and Christopher Seaver (the "Federal Demand Refused Plaintiffs") (collectively, the "Plaintiffs"); and (2) Emergent and all current and former Emergent officers, directors, and employees named in any of the Derivative Actions, including Robert G. Kramer Sr., Fuad El-Hibri, Richard S. Lindahl, Ronald B. Richard, Zsolt Harsanyi, Louis W. Sullivan, George A. Joulwan, Jerome M. Hauer, Kathryn C. Zoon, Marvin White, Syed T. Husain, Seamus Mulligan, Adam Havey, Sean Kirk, Atul Saran, and Sue Bailey (collectively, the "Defendants," and together with the Plaintiffs, the "Settling Parties") have entered into the Stipulation and Agreement of Settlement (the "Stipulation") dated February 24, 2025, which sets forth the terms and conditions of a proposed settlement (the "Settlement") that provides for the complete dismissal with prejudice of the Derivative Actions, withdrawal of the Demands, a bar on further derivative litigation, and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court;

WHEREAS, the Defendants have denied and continue to deny each and all of the claims and contentions alleged against them by the Plaintiffs in the Derivative Actions, including all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Derivative Actions. The Defendants also have denied and continue to deny, among other things, the allegations that the Plaintiffs, Emergent, or Current Emergent Stockholders have suffered damage as a result of actions or inaction of the Company's Board of Directors. The Individual Defendants have further asserted that at all relevant times, they acted in good faith, and in a manner they reasonably believed to be in the best interests of Emergent and Current Emergent Stockholders;

WHEREAS, by Order dated May 9, 2025 ("Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) found that the form and manner of notice of the Settlement proposed by the Settling Parties met the requirements of Rule 23.1 of the Federal Rule

of Civil Procedure and due process and ordered the dissemination of notice to Current Emergent Stockholders; (iii) provided any Person who owned Emergent stock as of February 24, 2025, and continued to hold such Emergent common stock as of the date of the Settlement Hearing with the opportunity to object to the proposed Settlement and/or Plaintiffs' application for the Fee and Expense Amount and Service Awards; and (iv) scheduled a hearing regarding final approval of the Settlement ("Settlement Hearing");

WHEREAS, on August 6, 2025, after full briefing, the Court held the Settlement Hearing to consider, among other things, whether Judgment should be entered: (i) finally approving the terms of the Settlement as fair, reasonable, and adequate; (ii) dismissing with prejudice the Derivative Actions against Defendants pursuant to the terms of the Stipulation; and (iii) ruling upon Plaintiffs' application for the Fee and Expense Amount and Service Awards;

Reasonable and adequate notice having been given to Current Emergent Stockholders as required in the Preliminary Approval Order, and the Court having considered all of the papers filed and proceedings had in this matter and otherwise being fully informed and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation and, unless otherwise defined in this Judgment, all capitalized terms used in this Judgment shall have the same meaning as set forth in the Stipulation.

2.  The Court has jurisdiction over the subject matter of the Derivative Actions, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3.  The Court finds that: (a) the publication of the Summary Notice in the *Investors' Business Daily*, the filing of the Stipulation and Long-Form Notice with the U.S. Securities and Exchange Commission on Form 8-K, and the publication of the Stipulation and Long-Form Notice on an Internet page accessible via a link on the "Investors" page of Emergent's website, were

implemented in accordance with the Preliminary Approval Order, and (b) the method of providing notice of the Settlement and the Settlement Hearing set forth in the Preliminary Approval Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Current Emergent Stockholders of the pendency of the Derivative Actions, of the effect of the proposed Settlement (including the releases to be provided thereunder), of their right to object to the Settlement and/or Plaintiffs' application for the Fee and Expense Amount and Service Awards, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) fully satisfies the requirements of Rule 23.1(c) of the Federal Rules of Civil Procedure and the requirements of due process.

4. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to the Plaintiffs, to Emergent and to Current Emergent Stockholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. The Federal Demand Futility Action, all claims contained therein, and the Released Claims, are hereby ordered compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings in the Federal Demand Futility Action and this Judgment. The Settling Parties are each to bear their own costs, except as otherwise provided in the Stipulation and in connection with the Fee and Expense Award and Service Awards approved by the Court.

6. Consistent with the terms of the Stipulation, within five (5) business days of the entry of this Judgment, the parties in the Derivative Actions shall jointly request dismissal, with prejudice, of the remaining Derivative Actions.

7. The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Parties and all Current Emergent Stockholders, as well as their respective successors and assigns and all Released Persons. Any Current Emergent Stockholder who has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Long-Form Notice is deemed to have waived the right to object to any aspect of the proposed Settlement and the Fee and Expense Award and Service Awards (including any right of appeal or collateral attack); is forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement and the Fee and Expense Award and Service Awards; and is deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement or the Fee and Expense Award and Service Awards.

8. The Court orders that the releases set forth in the Stipulation shall be effective as of the Effective Date. Accordingly, the Court orders that:

a. Upon the Effective Date, Released Plaintiffs' Persons, the Company, and the Company's stockholders shall fully, finally and forever release, relinquish, settle, and discharge each and all of the Released Plaintiffs' Claims against the Released Defendants' Persons and shall be forever be barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any court, tribunal or forum, asserting the Released Plaintiffs' Claims against the Released Defendants' Persons, including any and all claims and causes of action of every nature and description, whether known or unknown (including Unknown Claims), whether arising under state, federal, common, or foreign law, that Plaintiffs asserted in any of the Derivative Actions or could have asserted derivatively on behalf of the Company in the Derivative Actions or in any other forum that are based on, or arise out of the allegations, facts, or circumstances set forth in the

Derivative Actions, the Demands, or the Settlement, except for claims relating to the enforcement of the Settlement.  For the avoidance of doubt, this release will not cover, include, or release any direct claims of any current or former stockholder of Emergent, including, without limitation, any claims asserted under the federal securities laws, including without limitation the claims asserted in *In re Emergent BioSolutions Inc.*, Case No. 8:21-cv-00955-DLB (D. Md.).

      b.      Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Released Plaintiffs' Persons from Released Defendants' Claims, including all claims (including Unknown Claims) that arise out of or relate to the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims.  Nothing herein shall in any way impair or restrict rights of any Settling Party to enforce the terms of the Stipulation.

      c.      "Released Plaintiffs' Claims" means any and all actions, suits, claims, debts, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined in paragraph 1.42 of the Stipulation), asserted or unasserted, mature or not mature, liquidated or unliquidated, accrued or not accrued, whether arising under any federal, state, local, administrative, statutory, common, or foreign law, or any other law, rule or regulation, at law or in equity, existing derivatively on behalf of Emergent, that were asserted or could have been asserted in the Derivative Actions, or that might in the future be asserted in any court or forum by Plaintiffs, Released Plaintiffs' Persons, or any other Emergent stockholder, based upon or arising from or out of the allegations, transactions, facts, events, matters, occurrences, representations, statements, acts, disclosures, or omissions set forth in the Derivative Actions, the Demands, or the Settlement, except for any claims to enforce the Settlement, as provided in paragraph

5.1 of the Stipulation.  For the avoidance of doubt, this release will not cover, include, or release any direct claims of any current or former stockholder of Emergent, including, without limitation, any claims asserted under the federal securities laws, including without limitation the claims asserted in *In re Emergent BioSolutions Inc.*, Case No. 8:21-cv-00955-DLB (D. Md.).

        d.      "Released Defendants' Claims" means any and all actions, suits, claims, debts, rights, liabilities, and causes of action of every nature, including both known and Unknown Claims (as defined in paragraph 1.42 of the Stipulation), that arise out of or relate to the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims, as provided in paragraph 5.3 of the Stipulation.

        e.      "Unknown Claims" means any Released Claims which Plaintiffs or Defendants do not know of or suspect to exist in his, her, or its favor at the time of the release of the Released Persons.  With respect to any and all Released Claims, the Settling Parties agree that upon the Effective Date, the Settling Parties expressly waive the provisions, rights and benefits conferred by or under California Civil Code section 1542, or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the Released Claims, but it is the intention of the Settling Parties to completely,

fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Released Claims, known or unknown, suspect or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of this Stipulation of which this release is a part.

      f.    "Released Plaintiffs' Persons" means each and all of Plaintiffs, Plaintiffs' Counsel, Current Emergent Stockholders, Emergent, any current and former plaintiffs in the Derivative Actions, and each and all of their Related Persons.  "Released Plaintiffs' Person" means, individually, each of the Released Plaintiffs' Persons.  Notwithstanding anything to the contrary herein, none of Emergent or any of Emergent's controlled affiliates shall be Released Plaintiffs' Persons.

      g.    "Released Persons" means all Released Plaintiffs' Persons and all Released Defendants' Persons.

9.    All Demands are hereby deemed withdrawn.

10.    Upon the Effective Date, Released Plaintiffs' Persons shall fully, finally and forever release, relinquish, settle, waive, and discharge each and all of the Released Plaintiffs' Claims against the Defendants and Released Defendants' Persons and shall be forever be barred and enjoined from commencing, instituting, or prosecuting any action or proceeding, in any court, tribunal or forum, asserting Released Plaintiffs' Claims and any and all claims and causes of action of every nature and description, whether known or unknown (including Unknown Claims), whether arising under state, federal, common, or foreign law, that Plaintiffs asserted in any of the Derivative Actions or could have asserted derivatively on behalf of the Company in the Derivative Actions or in any other forum that are based on or arise out of the allegations, facts, or

circumstances set forth in the Derivative Actions or the Demands, except for claims relating to the enforcement of the Settlement.  For the avoidance of doubt, this release will not cover, include, or release any direct claims of any current or former stockholder of Emergent, including, without limitation, any claims asserted under the federal securities laws, including without limitation the claims asserted in *In re Emergent BioSolutions Inc.*, Case No. 8:21-cv-00955-DLB (D. Md.).

11. Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Released Plaintiffs' Persons from all Released Defendants' Claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims.  Nothing herein shall in any way impair or restrict rights of any Settling Party to enforce the terms of the Stipulation.

12. Neither this Judgment, nor the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Parties or of the validity of any Released Claims; or (ii) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither this Judgment, nor the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or this Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim

based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court hereby approves the award of attorneys' fees and expenses in the amount of $4,500,000.00 (the "Fee & Expense Award"), which amount the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation.  Plaintiffs are each hereby awarded Service Awards in the amount of $5,000.00, which the Court finds to be fair and reasonable.  Each such Service Award shall be paid out of the portions of the Fee and Expense Award allocated to each Plaintiffs' Counsel in accordance with the terms of the Stipulation.  The Fee and Expense Award shall be payable to Plaintiffs' Counsel from the Settlement Amount within ten (10) days upon entry of this Order, subject to the terms of the Stipulation, notwithstanding the existence of any timely filed objection thereto, or potential or actual appeal therefrom, or collateral attack on the Settlement or any part thereof.

14. Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto, to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Emergent or Current Emergent Stockholders in connection with the Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. The Court retains jurisdiction to consider and resolve any disputes that may arise in connection with any amendment or modification (as permitted in the Stipulation) and with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation and implementation and enforcement of the Settlement.

16. During the course of the litigation in the Derivative Actions, including the filing, prosecution, defense, and settlement of the Derivative Actions, the Settling Parties and their respective counsel acted in good faith and complied with the strictures of Rule 11 of the Federal Rules of Civil Procedure, Delaware Court of Chancery Rule 11, and applicable Maryland rules.

17. This Judgment is a final, appealable judgment and shall be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 7th day of August, 2025.

DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE